UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| ELIZEO KALIMBA,<br><br>    Petitioner,<br><br> vs.<br><br>STATE OF SOUTH DAKOTA,<br>ATTORNEY GENERAL OF SOUTH<br>DAKOTA, and LINCOLN COUNTY,<br><br>    Respondents. | 4:22-CV-04050-KES<br><br>REPORT AND RECOMMENDATION |

## INTRODUCTION

Petitioner, Elizeo Kalimba, formerly an inmate in the South Dakota penitentiary system, has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Now pending is respondents' motion to dismiss Mr. Kalimba's petition without holding an evidentiary hearing. Docket No. 9. Mr. Kalimba resists the motion. Docket Nos. 16 & 17. The pending matter was referred to this magistrate judge pursuant to 28 U.S.C. § 636(b)(1)(B) and the October 16, 2014, standing order of the Honorable Karen E. Schreier, United States District Court Judge.

## FACTS

Mr. Kalimba seeks to challenge his 2014 conviction based on a guilty plea. The state court entered its judgment against Mr. Kalimba on May 12, 2014. Docket No. 10-5. Mr. Kalimba did not file a direct appeal following his conviction and sentencing. His conviction therefore became final on June 11,

2014.  SDCL § 15-26A-6 (allowing 30 days to file a notice of appeal on a criminal conviction).

On January 13, 2020, Mr. Kalimba was paroled from state custody and transferred directly into the custody of United States Immigration and Customs Enforcement Agency (ICE).  Docket No. 17 at p. 2.  Mr. Kalimba filed a motion to withdraw his plea of guilty with the state court approximately 10 months later in October 2020, which was denied by the state circuit court on December 16, 2020.[1]  Docket No. 10-7.  He did not file a motion for certificate of probable cause with the South Dakota Supreme Court nor did he appeal the trial court's decision.

He also filed an action in the United States District Court for the District of Minnesota challenging his ICE detention.  Elizeo K. v. Immigration Custody Enforcement, 0:20-cv-02657-JRT-ECW, Docket No. 1 (D. Minn.).  Pursuant to a stipulation of the parties, the court ordered Mr. Kalimba released from ICE custody on January 12, 2021.  Id. at Docket No. 9 (D. Minn. Jan. 12, 2021).

---

[1] The state court clerk file stamped Mr. Kalimba's state habeas petition as received on December 16, 2020.  The document bears the indeterminate date of "October 2020."  See Docket No. 10-6 at pp. 1 & 3.  Although the usual rule is that a pleading is filed when it is received by the clerk of court for inclusion in the official record (Artuz v. Bennett, 531 U.S. 4, 8 (2000)), this court nevertheless for purposes of this report and recommendation gives Mr. Kalimba the benefit of the earlier date.  Mr. Kalimba's motion was styled as a motion to withdraw his plea of guilty.  See Docket No. 10-6.  The court assumes without so holding, for purposes of this opinion only, that Mr. Kalimba's pleading was an "application for State post-conviction or other collateral review" within the meaning of § 2244(d)(2).

2

Mr. Kalimba filed this federal habeas corpus petition on April 11, 2022. Mr. Kalimba asserts his state court counsel was ineffective for failing to advise him that a conviction could affect his immigration status in this country. Id. In response to a question on his § 2254 habeas form, Mr. Kalimba explains he did not file his state request to withdraw his plea until 2020 because he did not know until then that the United States would seek to deport him following the service of his sentence. Id.

## DISCUSSION

Petitions for habeas relief in federal court collaterally attacking state court convictions are governed by the Antiterrorism and Effective Death Penalty Act (AEDPA). AEDPA contains a one-year statute of limitations. Specifically, 28 U.S.C. § 2244(d) provides in relevant part:

> **(d)** **(1)** A 1-year period of limitation shall apply to an application for writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of:
>
> > **(A)** the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > **(B)** the date on which the impediment to filing an application created by State action in violation the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > **(C)** the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review;

> **(D)** the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> **(2)** The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

See 28 U.S.C. § 2244(d)(1) and (2).

A judgment or state conviction is final, for purposes of commencing the statute of limitation period, at "either (i) the conclusion of all direct criminal appeals in the state system, followed by either the completion or denial of certiorari proceedings before the United States Supreme Court; or (ii) if certiorari was not sought, then by the conclusion of all direct criminal appeals in the state system followed by the expiration of the time allotted for filing a petition for the writ." Smith v. Bowersox, 159 F.3d 345, 348 (8th Cir. 1998). The time allotted for filing a petition for writ of certiorari with the Supreme Court is ninety days. Jihad v. Hvass, 267 F.3d 803, 804 (8th Cir. 2001).

The limitations period for § 2254 petitions is subject to statutory tolling. See 28 U.S.C. § 2244(d)(2). This one-year statute of limitation period is tolled, or does not include, the time during which a properly filed application for state post-conviction relief or other collateral review is pending in state court. Faulks v. Weber, 459 F.3d 871, 873 (8th Cir. 2006); 28 U.S.C. § 2244(d)(2). The phrase "post-conviction or other collateral review" in § 2254's tolling provision encompasses the "diverse terminology that different States employ to

represent the different forms of collateral review that are available after a conviction." Duncan v. Walker, 533 U.S. 167, 177 (2001).  Thus, § 2254's tolling provision "applies to all types of state collateral review available after a conviction."  Id.

State collateral or post-conviction proceedings "are 'pending' for the period between the trial court's denial of the [post-conviction relief] and the timely filing of an appeal from it."  Maghee v. Ault, 410 F.3d 473, 475 (8th Cir. 2005) (citing Peterson v. Gammon, 200 F.3d 1202, 1203 (8th Cir. 2000)); see also Johnson v. Kemna, 451 F.3d 938, 939 (8th Cir. 2006) (an application for state post-conviction review is pending until a mandate is issued).

However, state proceedings are not pending for the ninety-day period "following the final denial of state post-conviction relief, the period during which an unsuccessful state court petitioner may seek a writ of certiorari from the United States Supreme Court."  Jihad, 267 F.3d at 805.  Additionally, "[s]tate proceedings are not pending during the time between the end of direct review and the date an application for state [post-conviction relief] is filed."  Maghee, 410 F.3d at 475 (citing Painter v. Iowa, 247 F.3d 1255, 1256 (8th Cir. 2001)).  In short, the one-year statute of limitations begins to run after the state conviction is final, is tolled while state habeas proceedings are pending, and then begins running again when state habeas proceedings become final. Curtiss v. Mount Pleasant Corr. Facility, 338 F.3d 851, 853 (8th Cir. 2003).

Mr. Kalimba's federal petition is clearly time-barred. His conviction became final June 11, 2014. It was at this point that his AEDPA limitations period began to run. The AEDPA limitations period expired on June 11, 2015. Therefore, unless equitable tolling applies, Mr. Kalimba's petition may not be heard.

The court notes the one-year AEDPA statute of limitations is not a jurisdictional bar. Baker v. Norris, 321 F.3d 769, 771 (8th Cir. 2003). The time limit is subject to equitable tolling when "extraordinary circumstances" beyond a prisoner's control make it impossible to file a petition on time. Id. A petitioner seeking equitable tolling must show (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way. Holland v. Florida, 560 U.S. 631, 649 (2010) (citing Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)). The decision whether to equitably toll AEDPA's limitations period is a fact-intensive inquiry based upon the totality of the circumstances. Holland, 560 U.S. at 649-50. Equitable tolling represents "an exceedingly narrow window of relief." Shoemate v. Norris, 390 F.3d 595, 597 (8th Cir. 2004) (quoting Jihad, 267 F.3d at 805).

Here, Mr. Kalimba explains that he waited until 2020 to file his state motion to withdraw his plea of guilty because he allegedly did not know of the grounds for relief he raised therein. However, he was taken into ICE custody on January 13, 2020, and he waited 10 months after that event before filing his state court plea for relief. Furthermore, after the state court denied

6

Mr. Kalimba relief in December 2020, he waited well over a year before filing his § 2254 petition with this court in April 2022.

Because the statute of limitations for filing a § 2254 petition is only one year, even if the court accepts as a valid ground for equitable tolling the fact that Mr. Kalimba did not know his conviction could result in his deportation, that explains only the delay up to January 13, 2020, at which time ICE took custody of Mr. Kalimba. Clearly, at this point, he knew that ICE was asserting a right to deport him.

Despite this knowledge, Mr. Kalimba waited 10 months to seek post-conviction relief in South Dakota state courts. In addition, Mr. Kalimba waited over a year after the South Dakota court denied him relief before he sought relief in this court. The delays between (i) Mr. Kalimba entering ICE custody and the filing of his state pleading and (ii) the December 2020 denial of his state pleading and the April 2022 filing of this federal petition are not excused by the fact that Mr. Kalimba was not aware his conviction could result in his deportation. He assuredly knew that fact at least as of January 13, 2020.

The Holland Court held that a petitioner must establish "reasonable diligence" in pursuing his federal habeas rights, not "maximum feasible diligence." Holland, 560 U.S. at 653. The Eighth Circuit has summarized what does and does not constitute due diligence on the part of the petitioner:

> A petitioner acts with diligence when, for example, he writes letters to his attorney asking her to file a habeas petition, contacts the court to learn about the status of his case, seeks to have his attorney removed for failure to pursue his case, and files a pro se

> petition the very day that he learns it is late. . . . In contrast, a petitioner does not act diligently when he simply assumes that his attorney is working on his case even though she does not respond to his communication and hangs up on him when he calls.

See Williams v. Kelley, 830 F.3d 770, 773 (8th Cir. 2016) (citations omitted).

In one case, where the petitioner was prevented from filing for three months due to his medical status, the court held no extraordinary circumstances were present because petitioner failed to show why he could not have filed in the nine months remaining of the limitations period. Gordon v. Arkansas, 823 F.3d 1188, 1195-96 (8th Cir. 2016). See also Nelson v. Norris, 618 F.3d 886, 892-93 (8th Cir. 2010) (petitioner failed to demonstrate due diligence when he failed to take any action for nine months).

Where a petitioner waited over five years before taking action, thinking that an appellate court would appoint a lawyer for him, the petitioner failed to demonstrate due diligence. Burks v. Kelley, 881 F.3d 663, 666-67 (8th Cir. 2018). Likewise, where a petitioner mistakenly believed his attorney had filed a notice of appeal in his case, the petitioner's lack of any activity for a year was insufficiently diligent. Anjulo-Lopez v. United States, 541 F.3d 814, 818 (8th Cir. 2008).

In another case, a petitioner wrote a letter to the court six weeks before the AEDPA limitations period was going to expire, asking to speak to his public defender about some matters unrelated to filing a federal habeas petition. English v. United States, 840 F.3d 957, 959 (8th Cir. 2016). No habeas petition was filed. Id. The petitioner waited another six months before filing

8

the petition on his own. Id. The court held the petitioner did not act with due diligence. Id.

Respondent cites to a Seventh Circuit opinion, Clarke v. United States, 703 F.3d 1098 (7th Cir. 2013), in support of its argument that Mr. Kalimba was not diligent in pursuing his rights. Clarke involved a federal habeas action pursuant to 28 U.S.C. § 2255, which is also subject to a one-year limitations period. Id. at 1099. Clarke was sentenced and her conviction became final in May 2010. Id. at 1100. Removal proceedings were begun against her in August 2011 as a result of her conviction. Id. at 1099. Clarke filed her § 2255 motion in October 2011, alleging neither the court nor her lawyer had advised her of the possibility of deportation upon her conviction. Id. at 1099.

The Seventh Circuit held Clarke's petition was untimely and that she did not qualify for equitable tolling because she had not exercised due diligence. Id. at 1099-1102. The court stated that, although Clarke may not have known specifically of the danger of deportation, she certainly knew she was not a citizen and she had had over a year to discover the consequences of a felony conviction for a non-citizen. Id. at 1100. The court noted Clarke had lived in the United States for many years and there was no suggestion she had any difficulties with the English language. Id. at 1100-01.

The facts in Mr. Kalimba's case are even more compelling against granting equitable tolling than were the facts in Clarke. In Clarke, the petitioner acted within only two months of the institution of deportation

9

proceedings against her.  By contrast, Mr. Kalimba was on notice as of January 13, 2020, that the immigration authorities sought to deport him, yet he waited 10 months to seek collateral relief in state court.  When the state court denied that relief, he waited nearly 15 months to file the instant petition with this court.  His pleadings, which are well-reasoned and articulate, demonstrate no difficulties with the English language.

Under the above law, Mr. Kalimba's actions in pursuing habeas relief do not constitute reasonable diligence.  Accordingly, the court recommends that Mr. Kalimba's § 2254 petition be dismissed with prejudice as untimely.

Respondents also argue that Mr. Kalimba's petition is procedurally defaulted.  Because the statute of limitations issue is dispositive, the court declines to address this additional ground for dismissal.

## CONCLUSION

Based on the foregoing facts, law, and analysis, this magistrate judge respectfully recommends that respondent's motion to dismiss [Docket No. 9] be granted and that Elizeo Kalimba's § 2254 petition be dismissed with prejudice and without holding an evidentiary hearing.

## NOTICE OF RIGHT TO APPEAL

The parties have fourteen (14) days after service of this Report and Recommendation to file written objections pursuant to 28 U.S.C. § 636(b)(1), unless an extension of time for good cause is obtained.  See FED. R. CIV. P. 72(b); 28 U.S.C. § 636(b)(1)(B).  Failure to file timely objections will result in the

waiver of the right to appeal questions of fact. Id. Objections must be timely and specific in order to require *de novo* review by the District Court. Thompson v. Nix, 897 F.2d 356 (8th Cir. 1990); Nash v. Black, 781 F.2d 665 (8th Cir. 1986).

DATED June 16, 2022.

BY THE COURT:

VERONICA L. DUFFY
United States Magistrate Judge