UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| ELIZEO KALIMBA,<br><br>                Petitioner,<br><br>vs.<br><br>STATE OF SOUTH DAKOTA, ATTORNEY GENERAL OF SOUTH DAKOTA, and LINCOLN COUNTY,<br><br>                Respondents. | 4:22-CV-04050-KES<br><br>ORDER ADOPTING REPORT AND RECOMMENDATION AND DISMISSING PETITION |

      Petitioner, Elizeo Kalimba, filed a pro se petition for writ of habeas corpus under 28 U.S.C. § 2254 alleging that his trial counsel was ineffective for failing to advise him that a conviction could affect his immigration status in the United States. Docket 1. Now pending is respondents' motion to dismiss Kalimba's petition without holding an evidentiary hearing. Docket 9. The matter was referred to United States Magistrate Judge Veronica L. Duffy under 28 U.S.C. § 636(b)(1)(B) and this court's October 16, 2014, standing order. Magistrate Judge Duffy recommends that respondents' motion to dismiss be granted and Kalimba's habeas petition be dismissed with prejudice. Docket 20 at 10. Kalimba timely filed objections to the report and recommendation. Dockets 21, 22. For the following reasons, the court adopts Magistrate Judge Duffy's report and recommendation in full and dismisses Kalimba's petition.

**STANDARD OF REVIEW**

The court's review of a magistrate judge's report and recommendation is governed by 28 U.S.C. § 636 and Rule 72 of the Federal Rules of Civil Procedure. The court reviews de novo any objections to the magistrate judge's recommendations as to dispositive matters that are timely made and specific. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In conducting its de novo review, this court may then "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1); *United States v. Craft*, 30 F.3d 1044, 1045 (8th Cir. 1994). Magistrate Judge Duffy provided a full, complete and well-analyzed report and recommendation addressing all the issues raised by Kalimba. The court adopts the recommendations in full and addresses briefly the issues raised by Kalimba in his objections.

**FACTUAL BACKGROUND**

A full factual and procedural background was provided by the Magistrate Judge in her report and recommendation. Docket 20 at 1-3. Kalimba does not object to the facts, but rather objects to the conclusion that equitable tolling does not apply. Docket 21 at 1-6; Docket 22 at 1-5. This court has reviewed the facts and finds that they are all supported by the record. Thus, the full factual and procedural background as set forth in the report and recommendation is adopted.

## DISCUSSION

In his objections, Kalimba alleges that the statute of limitations for filing his § 2254 petition should have been equitably tolled because he filed his petition for relief promptly after he became aware that his conviction could result in his deportation. Docket 21 at 1-6; Docket 22 at 1-5. But the undisputed facts indicated that Kalimba was taken into the custody of the United States Immigration and Customs Enforcement Agency on January 13, 2020, after he was paroled from state custody. Docket 17 at 2. He then waited 10 months until October of 2020 before he filed a request in state court for relief. Docket 10-6. And after the state court denied his request in December 2020 (Docket 10-7), he waited over a year before he filed his § 2254 petition in federal court on April 11, 2022. *See* Docket 1. As Magistrate Judge Duffy concluded, Kalimba has not established "reasonable diligence" in pursuing his federal habeas rights and as a result, he is not entitled to equitable tolling of his petition for relief. *See Holland v. Florida*, 560 U.S. 631, 653 (2010) (citation omitted). Because Kalimba has not established that the statute of limitations should be equitably tolled, his petition is dismissed with prejudice as untimely.

## CERTIFICATE OF APPEALABILITY

When a district court denies a petitioner's § 2254 motion, the petitioner must first obtain a certificate of appealability before an appeal of that denial may be entertained. *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003). This certificate may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A "substantial

3

showing" is one that proves "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Stated differently, "[a] substantial showing is a showing that issues are debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings." *Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997). Kalimba has not made a substantial showing that his claim is debatable among reasonable jurists, that another court could resolve the issue raised in his claim differently, or that a question raised by his claim deserves additional proceedings. Thus, a certificate of appealability is not issued.

## CONCLUSION

It is ORDERED:

1. Kalimba's objections to the report and recommendation (Dockets 21, 22) are overruled.

2. The report and recommendation (Docket 20) is adopted in full.

3. Respondents' motion to dismiss (Docket 9) is granted. Kalimba's habeas petition (Docket 1) is dismissed with prejudice.

4. Kalimba's motion for expedited habeas proceedings (Docket 24) is denied as moot.

5. A certificate of appealability is denied.

Dated November 23, 2022.

                                      BY THE COURT:

                                      /s/ *Karen E. Schreier*
                                      KAREN E. SCHREIER
                                      UNITED STATES DISTRICT JUDGE